IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALLEN DALE OWENS,
    Plaintiff,

vs.                                Case No.: 5:05cv228/SPM/EMT

STACEY R. LEAVINS, et al.,
    Defendants.
_____/

**O R D E R**

    This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 5).

    From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to one or more of the named Defendants. Therefore, the court will allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

    At all times relevant to this action, Plaintiff was an inmate housed at the Holmes Correctional Institution (HCI). He names Stacey R. Leavins, an Assistant Food Services Director, Lieutenant T. Peters, and Warden Donovan Hamilton as Defendants (Doc. 1 at 1-2). Plaintiff contends Defendants violated his First Amendment right to free speech by placing him in disciplinary confinement as punishment for a remark he made to Defendant Leavins (Doc. 1 at 7-8). As relief, Plaintiff seeks punitive damages in the amount of $50,000.00 from each Defendant, costs and fees, and an expungement of the disciplinary infraction from his prison record (*id*. at 8).

    Plaintiff states that on March 31, 2005, he was assigned to work in food services.[1] At that time, Defendant Leavins explained safety procedures to Plaintiff. Plaintiff asked Leavins for her

---

[1] All facts are derived from the Statement of Facts section of Plaintiff's complaint (Doc. 1 at 7, ¶¶ 1-14).

full name, the name of her supervisor, and the address of her company, noting that he "was unfamiliar with her." Leavins asked Plaintiff why he needed this information, and Plaintiff responded that "if I should slip and fall or get seriously burnt by faulty equipment their [sic] may be a possibility that I can sue and I would know who to contact in case of a[n] accident while assigned in food service." Plaintiff alleges that Ms. Leavins reported the remark to Defendant Peters, who initiated disciplinary proceedings against Plaintiff for a "spoken threat." On April 7, 2005, Plaintiff was found guilty of the charge and sentenced to thirty days in disciplinary confinement. Plaintiff appealed the decision to Warden Hamilton, but was denied relief.[2]

      Initially, Plaintiff has failed to state a basis for liability as to Defendant Hamilton, as Plaintiff appears to assert liability on a respondeat superior theory of liability. Plaintiff is advised that respondeat superior, without more, does not provide a basis for recovery. See Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992) (citing Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 447 (1978)); Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990). Although personal participation is not specifically required for liability under section l983, Plaintiff must establish some causal connection between the actions of each Defendant and the injury allegedly sustained. Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991); Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). The causal connection may be established by proof that Defendants were personally involved in the acts that resulted in the constitutional deprivation; that Defendants promulgated or implemented a policy, regulation or other official decision that directly interfered with Plaintiffs' rights; or that Defendants failed to act after a history of widespread abuse alerted them to the need to correct the alleged deprivation. See Monell, 436 U.S. at 690, 98 S.Ct. at 2035; Ancata v. Prison Health Services, Inc., 769 F.2d 700 (11th Cir. 1985); Clark v. Evans, 840 F.2d 876 (11th Cir. 1988). An entity is not liable merely because it is an employer. See Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995).

---

[2] The grievances attached to Plaintiff's complaint demonstrate that a factual dispute exists regarding the exact nature of Plaintiff's comment to Ms. Leavins.

Case No.: 5:05cv228/SPM/EMT

Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied.  Wayne v. Jarvis, 197 F.3d 1098, 1106 (11th Cir. 1999), *cert. denied*, 120 S.Ct. 1974, 146 L.Ed.2d 804 (2000); Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1542 (11th Cir. 1994).  The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur.  *See* Harris v. City of Marion, 79 F.3d 56, 58-59 (7th Cir. 1996).  Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary.  "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted).

In the instant case, the only allegation concerning Defendant Hamilton is that he denied Plaintiff's grievance.  However, as discussed *supra*, this is insufficient to support a basis for liability.  Unless sufficient facts exist and are alleged that provide a basis for liability as to Defendant Hamilton, Plaintiff should drop him as Defendant from this lawsuit.

Additionally, the substance of Plaintiff's First Amendment claim is that Defendants initiated and pursued disciplinary action against him for violating an institutional rule prohibiting disrespect and/or verbal threats to prison officials.  Plaintiff is advised that restrictions that intrude upon the constitutional rights of prisoners are nevertheless valid if they are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987).  Unless Plaintiff's speech was protected by the First Amendment, Plaintiff cannot establish that the disciplinary action was an unconstitutional restriction of his freedom of speech or that adverse action was taken against him in retaliation for the valid exercise of his constitutional rights. *See* Cowans v. Warren, 150 F.3d 910, 912 (8th Cir. 1998) (inmate may not state claim of retaliation where discipline was imposed for acts that prisoner was not entitled to perform) (citations omitted).

Therefore, in amending his complaint, Plaintiff must specify the precise rule he allegedly violated. Moreover, Plaintiff should clarify his allegations against Ms. Leavins', as it is well recognized that in any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt).

In the instant case, Plaintiff has failed to satisfy the second prong of the Parratt standard, as he has failed to allege facts showing that Defendant Leavins' conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." Plaintiff has merely alleged that she reported his comment to Defendant Peters, who then initiated disciplinary proceedings against him.[3]

Finally, the facts fail to show Plaintiff is entitled to the monetary damages he seeks. Subsection (e) of 42 U.S.C. § 1997e states, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286-87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated,* 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*,

---

[3] Although Plaintiff attached a grievance to his complaint in which he alleges that Defendant Leavins falsified a disciplinary report, he has included no such facts in his complaint. Plaintiff is advised that any fact he wishes the court to consider must be included in the complaint. The complaint should not refer to the grievances or rely upon them in support of the complaint, except to demonstrate exhaustion of claims.

216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd.* 263 F.3d 169 (11th Cir. 2001) (Table), *cert. denied,* 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).

In the instant case, Plaintiff complains only that he was subjected to disciplinary confinement; he has alleged no physical injury whatsoever. Thus, Plaintiff should delete his request for compensatory and punitive damages.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action. If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal. If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida. Plaintiff should not file copies of his amended complaint until ordered to do so by the court.

Accordingly, it is **ORDERED**:

1.	The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. §1983.  This case number should be written on the form.

2.	Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked "Amended Complaint."  In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3.	Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 12th day of May 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**