IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALLEN DALE OWENS,
Plaintiff,

vs. Case No: 5:05cv228/SPM/EMT

STACEY R. LEAVINS, et al.,
Defendants.
_________________________________/

**ORDER**

This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 22). Leave to proceed in forma pauperis has been granted (Doc. 5). From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under § 1983 as to one or all of the named Defendants. The court will therefore allow Plaintiff another opportunity to clarify his allegations in a second amended complaint.

At all times relevant to this action, Plaintiff was an inmate housed at the Holmes Correctional Institution (HCI). He names Stacey R. Leavins, an Assistant Food Services Director, Lieutenant T. Peters, and Warden Donovan Hamilton as Defendants (Doc. 22 at 1–2). Plaintiff contends Defendants violated his First, Eighth, and Fourteenth Amendment rights by placing him in disciplinary confinement as punishment for a remark he allegedly made to Defendant Leavins (Doc. 22 at 7 and attached pages). As relief, Plaintiff seeks any damages appropriate to his claim, costs and fees, an expungement of the disciplinary infraction from his prison record, and a transfer from HCI (*id*. at 8).

Plaintiff states that on March 31, 2005, he was interviewed to work in food services (Doc. 22 at 7). At that time, Defendant Leavins explained safety procedures to Plaintiff (*id.*). Plaintiff asked Leavins for her full name, the name of her supervisor, and the address of her company, noting

that he "was unfamiliar as to who she was" (*id.*). Leavins asked Plaintiff why he needed this information, and Plaintiff responded that if "I shall slip and fall and get seriously burnt [sic] I would know who to contact in case theirs [sic] a possibility that I can sue" (*id.*). Defendant Leavins reported Plaintiff's comment to Defendant Peters (*id.*). Plaintiff contends that Defendant Leavins "willfully falsified her statement [to Defendant Peters] in retaliation towards [Plaintiff] for asking her company name" (*id.*). Plaintiff states that Ms. Leavins alleged to Defendant Peters that Plaintiff said, "if I should slip and fall im [sic] going to sue you and Aramark, but im [sic] going to sue you first" (*id.* at continuation page 2). Defendant Peters initiated disciplinary proceedings against Plaintiff for a "spoken threat," "without any evidence other than Leavins['s] statement" (*id.* at continuation page 1). On April 7, 2005, Plaintiff was found guilty of the charge and sentenced to thirty days in disciplinary confinement (*id.*). Plaintiff appealed the decision to Warden Hamilton, but was denied relief on May 11, 2005 (*id.*).[1] On May 17, 2005, Plaintiff appealed Defendant Hamilton's decision to the Secretary of the Florida Department of Corrections (*id.*).

Plaintiff alleges that Defendant Leavins violated the First Amendment by "fabricating a report regarding a[n] expression that's protected under [the] First Amendment . . . without any showing that [Plaintiff's] statement made was within the scope of the statutes punishing threats" (*id.* at continuation page 2). In addition, Plaintiff alleges that Defendant Leavins violated Plaintiff's Due Process rights "for her failure to follow the general policy of reporting disciplinary infractions" (*id.*). Plaintiff contends that Defendant Leavins should have attempted to resolve the matter with Plaintiff instead of reporting it (*see id.* at continuation page 3).

Plaintiff contends that Defendant Peters violated the First, Eighth, and Fourteenth Amendments by "his failure to initiate an [sic] minimal investigation into the accusation of Stacey Leavins['s] complaint" (*id.* at continuation page 4). "As an official [Defendant Peters] should have known that there were no violation [sic] of the institutional rules violated by plaintiff by asking question [sic] regarding safty [sic] procedures" (*id.*).

---

[1]The grievances attached to Plaintiff's complaint demonstrate that a factual dispute exists regarding the exact nature of Plaintiff's comment to Ms. Leavins.

Finally, Plaintiff alleges that Defendant Hamilton violated his right to due process by denying Plaintiff relief when he appealed of the denial of his grievance (*id.* at continuation pages 5–6).

Initially, although Plaintiff used the form for use in Section 1983 cases, he failed to properly complete Section IV regarding "Previous Lawsuits" and Section VI regarding "Statement of Claims." Section IV.D. of the civil rights complaint form asks "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?" Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff failed to mark either answer. Plaintiff is advised that he must fully and truthfully answer all questions on the form. In addition, Plaintiff failed to properly complete the "Statement of Claims" section of the complaint (Doc. 22 at 8). Instead, Plaintiff listed his claims on separate paper at the end of his statement of facts (*id.* at continuation page 26). This is not acceptable. Rule 5.1(J) of the Local Rules for the Northern District of Florida provides that pro se complaints filed under Section 1983 shall not be considered by the court unless the appropriate form has been properly completed and filed by the litigant. The use of a prescribed form was adopted for reasons of administrative convenience. This court, with its large volume of pro se actions, saves valuable time if it is not required to decipher lengthy and often unintelligible complaints. This saving would be lost if Plaintiff were allowed to fill in the form with a reference to an attachment instead of completing the form itself. In light of the administrative benefits derived from the use of the form, Plaintiff shall be required to fully complete the form, even if he wishes to submit an attachment with additional facts or claims.

Additionally, Plaintiff has failed to state a due process violation. The filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951–53 (2d Cir. 1986), *cert. denied*, 485 U.S. 982, 108 S. Ct. 1273, 99 L. Ed. 2d 484 (1988). This is primarily because the Constitution requires only that Plaintiff be afforded due process at the institutional hearing, which represents his opportunity to expose any such falsities or inaccuracies. Freeman, 808 F.2d at 952; *see also* Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). The Supreme Court in Wolff held that to satisfy due process concerning disciplinary proceedings

involving the potential loss of gain time, the inmate must receive (1) written notice of the charges brought against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. *Id.*, 418 U.S. at 564–66, 94 S. Ct. at 2979. In a subsequent case, the Supreme Court addressed the quantum of evidence necessary to support the factfinder's decision. In Superintendent v. Hill, 472 U.S. 445, 455-56, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985), the Court held: "revocation of good time does not comport with the 'minimum requirements of procedural due process' unless the findings of the prison disciplinary board are supported by some evidence in the record." *Id.*, 472 U.S. at 454, 105 S. Ct. at 2773 (citation omitted). The court further explained:

> This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . ." United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 106, 47 S. Ct. 302, 304, 71 L. Ed. 560 (1927). Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *See ibid.*; United States ex rel. Tisi v. Tod, 264 U.S. 131, 133–134, 44 S. Ct. 260, 260–261, 68 L. Ed. 590 (1924); Willis v. Ciccone, 506 F.2d 1011, 1018 (8th Cir. 1974).

Hill, 472 U.S. at 455–456, 105 S. Ct. at 2774.

In the instant case, Plaintiff does not allege he was deprived of any of the procedural safeguards set forth in Wolff. Furthermore, Plaintiff admits that Defendant Leavins reported to Defendant Peters that Plaintiff said "im [sic] going to sue you and Aramark, but im [sic] going to sue you first." Defendant Leavins's statement to Defendant Peters is sufficient evidence to support the disciplinary decision. *See* Hill, 472 U.S. at 456, 105 S. Ct. at 2774 (prison guard's testimony and copies of his written report supported conclusion that the evidence before the disciplinary board was sufficient to meet the requirements imposed by the Due Process Clause); Rudd v. Sargent, 866 F.2d 260, 262 (8th Cir. 1989) (holding that prisoner failed to show that he was denied due process in disciplinary proceeding, because statements in prison official's written disciplinary report constituted "some evidence" to support conclusion that inmate committed violation, even though

official did not witness the violation and victim's statements included in the report might be considered inadmissible hearsay at a criminal trial); Brown v. Frey, 807 F.2d 1407, 1414 (8th Cir. 1986) (finding that the witnessing officer's violation report is "some evidence"). Therefore, Plaintiff's due process claim is subject to dismissal.

To the extent that Plaintiff seeks to hold either Defendant Hamilton or Defendant Peters liable for Defendant Leavins's actions, Plaintiff has failed to state a constitutional violation, as Plaintiff appears to assert liability on a respondeat superior theory of liability. "It is well established that supervisory officials are not liable under [section] 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). Supervisory liability may occur, however, "either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.* This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," or "when a supervisor's custom or policy result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* (internal quotation marks and citations omitted); *see* Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999), *cert. denied*, 120 S. Ct. 1974, 146 L. Ed. 2d 804 (2000).

Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied. Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1542 (11th Cir. 1994). The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur.

*See* Harris v. City of Marion, 79 F.3d 56, 58–59 (7th Cir. 1996). Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 326 F.3d at 1360 (quoting Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003)).

In the instant case, the only allegation concerning Defendant Hamilton is that he denied Plaintiff's grievance. Similarly, the only allegation concerning Defendant Peters is that he initiated disciplinary proceedings on the basis of Defendant Leavins's complaint without conducting any further investigation. However, as discussed *supra*, this is insufficient to support a basis for liability. Plaintiff has not alleged that Defendants Hamilton or Peters personally participated in the allegedly unconstitutional conduct. Further, Plaintiff has not alleged a history of widespread abuse that put either Defendant on notice of the need to correct the alleged deprivation and they failed to do so, or that either Defendant had a custom or policy that resulted in deliberate indifference to Plaintiff's rights. Unless Plaintiff alleges additional facts that provide a basis for liability as to Defendants Hamilton or Peters, Plaintiff should drop both as Defendants from this lawsuit.

Finally, the facts fail to show Plaintiff is entitled to the monetary damages he seeks (*see* Doc. 22 at continuation pages 3, 4, 6). Subsection (e) of 42 U.S.C. § 1997e states, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be

more than de minimis, but need not be significant."); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd.* 263 F.3d 169 (11th Cir. 2001) (Table), *cert. denied,* 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).

In the instant case, Plaintiff complains only that he was subjected to disciplinary confinement; he has alleged no physical injury whatsoever. Thus, Plaintiff should delete his request for compensatory and punitive damages.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action. If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal. If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Second Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida. Plaintiff should not file copies of his second amended complaint until ordered to do so by the court.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. §1983. This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked "Second Amended Complaint." In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3. Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 13th day of September 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**