IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALLEN DALE OWENS,
    Plaintiff,

vs.                                      Case No.: 5:05cv228/SPM/EMT

STACEY R. LEAVINS,
    Defendant.
_____/

## O R D E R

This cause is before the court upon referral from the Clerk. Plaintiff in this action is proceeding pro se and in forma pauperis. On October 16, 2006, the court directed the United States Marshal Service to effect service upon Defendant by mailing the required documents to the special process server at Holmes Correctional Institution (HCI) (Doc. 29). On November 13, 2006, service of process was returned unexecuted as to Defendant Leavins, because she is "no longer assigned at Holmes CI" (Doc. 30). HCI informed this court that Defendant is now employed at Apalachee Correctional Institution.

Accordingly, it is **ORDERED**:

1.    The clerk shall reissue a summons, indicating that Defendant has **SIXTY (60) DAYS** in which to file a responsive pleading (which in this case will be a written report as detailed *infra*), and refer the summons to the United States Marshal.

2.    The clerk shall also send the Marshal a copy of this order for the Defendant.

3.    Pursuant to Rule 4(c), Federal Rules of Civil Procedure, **Rebecca Mitchell** is specially appointed to serve process upon Defendant at Apalachee Correctional Institution.

4.    Within **THIRTY (30) DAYS** from the date of docketing of this Order, the United States Marshal or a Deputy United States Marshal shall serve a copy of the second amended civil

rights complaint (Doc. 27), the summons, and this Order upon Defendant. Service shall be accomplished by mailing these documents by regular mail to the above named special process server, who shall serve the second amended complaint. All costs of service shall be advanced by the United States.

5. Within **TEN (10) DAYS** after receipt of the second amended complaint and this Order, the server shall serve the second amended complaint upon Defendant, complete and sign the return of service, and return it to the clerk of court as proof of service. Defendant shall also sign the return of service as an acknowledgment of receipt of service.

6. Within **TEN (10) DAYS** after receipt of the second amended complaint and this Order, if Defendant is no longer employed at the Department of Corrections or is otherwise unable to be served, the server shall report this information to the clerk of the court. **If service is returned unexecuted, the clerk shall immediately refer the file to chambers.**

7. Defendant shall review the subject matter of the complaint in order to:

    a. ascertain the facts and circumstances surrounding the complaint;

    b. consider whether any action should be taken directly by prison officials to resolve the issues raised in the complaint; and

    c. determine whether other, similar complaints, whether pending in this Court or elsewhere, should be considered together.

8. Within **SIXTY (60) DAYS** of receipt of the summons, Defendant shall respond to the second amended complaint either by filing a motion to dismiss the proceedings because Plaintiff has not exhausted administrative remedies or by filing a special report with the court, and a copy thereof to Plaintiff, containing the following:

    a. sworn statements of all persons having knowledge and relevant information of the subject matter of the complaint. (Authorization is hereby granted to interview all witnesses to the events of the complaint, including Plaintiff.)

    b. copies of any written reports prepared as a result of investigation of the inmate's allegations.

    c. all defenses, including immunity defenses. If not listed, such defenses may be considered waived.

        d.      where relevant, copies of medical or psychological or disciplinary records.

        e.      where applicable, copies of relevant administrative rules, regulations or guidelines.

Defendant is advised that, at some time in the future upon notice of the court, the special report may be deemed a motion for summary judgment. Therefore, in addition to the above-mentioned items, the special report shall include any other Rule 56 materials that Defendant wishes the court to consider.[1]

    9.    No answer, motion to dismiss, motion for summary judgment, or request for discovery shall be served or filed by any party without permission of the court, except as set forth above. If any such pleading or motion is sent to the court, the clerk shall not file or otherwise treat the pleading as a motion unless or until the court so orders.

    10.    Plaintiff shall not file a reply to Defendant's motion to dismiss or special report until ordered to do so by the court.

    11.    Once a special report is filed, no amendments to the complaint shall be permitted by the court unless, as required by Rule 15 of the Federal Rules, Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint.

    12.    Plaintiff shall be required to mail to the attorney for Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the clerk of the court a certificate stating the date a correct copy of the paper was mailed to Defendant or to the attorney(s) representing Defendant. **Any paper so submitted for filing that does not contain a certificate of service shall be returned by the clerk and disregarded by the court**.

    **DONE AND ORDERED** this 27th day of November 2006.

---

[1] The special report must contain a short and concise statement of the material facts and shall not merely re-assert Plaintiff's allegations.

Case No: 5:05cv228/SPM/EMT

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY
UNITED STATES MAGISTRATE JUDGE**