IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALLEN DALE OWENS,
    Plaintiff,

vs.                                  Case No.:  5:05cv228/SPM/EMT

STACEY R. LEAVINS,
    Defendant.
_____/

## O R D E R

       This cause is before the court upon Plaintiff's "Motion to Strike Defendant to Dismiss" (Doc. 41).  Plaintiff contends Defendant failed to comply with the signature requirement of Federal Rule of Civil Procedure 11(a) by submitting an unsigned motion to dismiss (*see* Doc. 41; *see also* Doc. 37 at 6–7).  In support, Plaintiff cites Becker v. Montgomery, 532 U.S. 757, 762 (2001), which in relevant part, states that the "Federal Rules call for a signature on notices of appeal," but also explains this is a requirement that can be met after the period for appeal expires.  *Id.*  Becker does not support Plaintiff's position that an original signature must appear on every document filed with the court, including documents filed electronically.

       An electronic signature though CM/ECF is a valid signature for Rule 11 purposes in this district.  N.D. Fla. Loc. R. 5.1(A)(7) ("Use of the Filing User's [CM/ECF] login user name and password . . . to file a document electronically is the legal equivalent of the Filing User's original signature on the document filed and is, for all purposes, the signature . . . required by Fed. R. Civ. P. 11, . . . these Local Rules, and any other purpose for which a signature is required in connection with proceedings before the court.").  In addition, the court notes that the use of "s/" (with the attorney's name typed out) on the signature line above the signature block has also been approved as a proper electronic signature.  *See* E-SIGNATURES: What constitutes an electronic signature?, http://www.flnd.uscourts.gov/faq/index.cfm?qid=22&catid=1 (last visited March 7, 2007).  The

court further notes that the "s/," followed by the typed name of the attorney, is the preferred method for signing documents that are filed electronically, but it is not required. *See id.*; *see also* Docket Entry 38). Defendant filed his motion to dismiss electronically, utilizing his login user name and password; thus, his "signature" is valid pursuant to N.D. Fla. Loc. R. 5.1, even though the line above the attorney's address block did not contain an "s/" followed by the attorney's typed-written name (*see* Doc. 37 at 6–7). Accordingly, Plaintiff's motion is without merit and shall be denied.

On January 26, 2007, Plaintiff was given twenty (20) days to respond to Defendant's motion to dismiss (Doc. 39), but he filed the motion to strike in the interim and has not yet responded to Defendant's motion to dismiss. Thus, Plaintiff shall be give additional time within which to respond to Defendant's motion to dismiss.

Accordingly, it is **ORDERED**:

1. Plaintiff's "Motion to Strike Defendant to Dismiss" (Doc. 41) is **DENIED**.

2. Plaintiff shall respond to Defendant's Motion to Dismiss (Doc. 37) within **TWENTY (20) DAYS** of the date of docketing of this order.

**DONE AND ORDERED** this 8th day of March 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**